UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KAY L. ROGERSON, | ) | CV.08-5060-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | MOTION TO DISMISS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant has filed a motion to dismiss and supporting documents. Docket 14, 15, 17, 20. Plaintiff has responded. Docket 16, 21. For the reasons stated below, the motion is granted.

**FACTUAL BACKGROUND**

On March 13, 1992, Plaintiff filed a complaint against the United States Air Force alleging sexual discrimination, sexual harassment, and retaliation. CIV.92-5038, Docket 1. On February 8, 1996, a Stipulation for Compromise Settlement (Settlement) was filed, stating that it was a settlement of the action which included "allegations of employment discrimination, . . . and all claims relevant to the plaintiff's past and present employment with the United States Air Force." CIV.92-5038, Docket 152. In the settlement agreement, the USAF agreed to pay a monetary settlement and promised that it would not "officially act, or fail to act, for the purpose of adversely affecting plaintiff ROGERSON'S Department of Labor, Office of Workers Compensation Program (OWCP) benefits or status." Id. at ¶ 3. In exchange, Plaintiff agreed to release the USAF and its employees of all causes of

action "of every nature" which arose out of the factual basis of that proceeding. Id. at ¶ 4. Rogerson also agreed that she would not apply for employment with the USAF "and will never work for the Air Force again from this day forward." Id. at ¶ 5a.

In April 2000, Plaintiff filed a complaint against the United States Air Force, alleging that the USAF discriminated against her both before and after the Settlement was signed; was in breach of the Settlement; and improperly terminated her employment, refused to reemploy her, and ended her medical benefits. CV.00-5033, Docket 1. She also challenged the validity of the Settlement and alleged that she was coerced into signing it. Id. at ¶¶ 8-11. Six months later, Plaintiff and her attorney signed a stipulation for dismissal with prejudice, which the Court granted. CV.00-5033, Docket 25, 26.

Plaintiff filed this action in July 2008. CV.08-5060, Docket 1. Her complaint contains the following allegations:

- Allegations based on federal criminal statutes:
    - Fraud and false statements, 18 U.S.C. § 1018
    - Fraud in connection with electronic mail, 18 U.S.C. § 1037
    - Attempt and conspiracy to commit fraud, 18 U.S.C. § 1349 (defined in § 1346)
    - Obstruction of proceedings before departments, agencies, and committees, 18 U.S.C. § 1505
    - Conspiracy, 18 U.S.C. § 371
    - Conspiracy against rights, 18 U.S.C. § 241
    - Deprivation of relief benefits, 18 U.S.C. § 246
    - Solicitation of employment and receipt of unapproved fees concerning federal employees' compensation, 18 U.S.C. § 292
    - Contracts in excess of specific appropriation, 18 U.S.C. § 435
    - False statement or fraud to obtain federal employees' compensation, 18 U.S.C. § 1920
    - Criminal racketeering; Engaging in monetary transactions in property derived from specified unlawful activity, 18 U.S.C. § 1957

2

- - Criminal racketeering' Offer, acceptance, or solicitation to influence operations of employee benefit plan, 18 U.S.C. § 1954
  - Torture, 18 U.S.C. §§ 2340, 2341

- Racketeer Influenced and Corrupt Organizations (RICO) allegations: 18 U.S.C. § 1961 *et seq.*

- Allegations related to the loss of health insurance, 5 U.S.C. § 8901 *et al.*

- Allegations challenging the validity of the Settlement: Specifically, Plaintiff alleges that the Settlement is unenforceable as a waiver of her rights to seek reemployment with the USAF and/or the federal government and to file subsequent lawsuits. Further, Plaintiff alleges that the USAF promised "under false pretenses" to "not officially act, or fail to act, for the purpose of adversely affecting" plaintiff's OWCP benefits or status, all the while knowing that it did not have any control over Plaintiff's OWCP benefits. See Docket 1-3, ¶ 3b. Plaintiff complains of the actions of the USAF, the United States Attorney's Office, and the United States District Court in ratifying the "fraudulent" Settlement and in dismissing her 2000 civil action with prejudice.

- Plaintiff alleges that the United States has breached the terms they agreed to in the Settlement. Plaintiff alleges that, since the Settlement, the USAF and other entities have failed to act to "uphold" her OWCP benefits, as she believes they promised in the Settlement. Docket 1, page 13; see also pages 7-9, 11-13. As she believes that the Settlement has been breached, Plaintiff alleges that her attempts to secure reemployment with the USAF are not prohibited, and that actions by U.S. employees to discourage her from seeking reemployment are improper as violative of her rights, including her freedom of speech. Docket 1, page 12-14.

- Plaintiff also complains of the Merit Systems Protection Board's (MSPB) findings that she was not entitled to reemployment or restoration rights. Docket 1, page 9-11; Docket 1-4, 1-5, 1-6 (MSPB decisions). However, Plaintiff alleges that this action is not an appeal of the MSPB's decisions. Docket 16, page 6.

Defendant filed a motion to dismiss the complaint. Docket 14. The matter is now fully briefed and ripe for disposition.

## STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction, and Fed R. Civ. P. 12(b)(6), on the ground that the complaint fails to state a claim against them for which relief can be granted. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) will be granted in cases where the Court finds it lacks subject matter jurisdiction over Plaintiff's claims. The Court may look at matters outside the pleadings on a motion to dismiss under Rule 12(b)(1). Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990). Whether they involve questions of law or fact, jurisdictional issues are for the court to decide. Id. at 729. Unlike a Rule 12(b)(6) motion, "no presumptive truthfulness attaches to the plaintiff's allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. at 730. The plaintiff has the burden of proof to show that the court has jurisdiction. Id.

A motion to dismiss for a failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to review only the pleadings to determine whether they state a claim upon which relief can be granted. "A complaint must not be dismissed under 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts that would demonstrate an entitlement to relief.'" Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 613 (8th Cir. 2003) (quoting Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999)). "[W]e accept the complaint's factual allegations as true and construe them

4

in a light most favorable to the plaintiff." Id. (citation omitted). The Eighth Circuit has emphasized that

> [a] complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997).

**DISCUSSION**

**I.  The Settlement**

The majority of Plaintiff's complaint challenges the validity of the Settlement signed on February 8, 1996. Specifically, she argues that the Settlement is "fraudulent" because Defendant promised things which it knew it could not deliver, and because the Settlement improperly restricts her rights to seek employment with the USAF or any United States agency and her right to sue the United States. In its motion to dismiss, Defendant states that these challenges to the terms of the Settlement should be dismissed under *res judicata* in light of her earlier civil claim, CV. 00-5033. That action was dismissed with prejudice, pursuant to a stipulation to dismiss signed by Plaintiff and her attorney.

Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Yankton Sioux Tribe v. U.S. Dep't of Health and Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). A party seeking dismissal based on res judicata must show:

5

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.

Id. (citation omitted). The Eighth Circuit has stated that res judicata does "not apply where . . . the issues or causes of action sought to be precluded in a subsequent proceeding were allegedly determined in a stipulation or a judgment by consent." Gall v. South Branch Nat'l Bank of S.D., 783 F.2d 125, 127 (8th Cir. 1986); see also Gronseth v. Chester Rural Fire Protection Dist., 2009 WL 983130, *3-4 (D.S.D. Apr. 9, 2009). The Court does not believe that Plaintiff's voluntary dismissal of her previous civil case, Docket CV.00-5033, is a judgment on the merits, even though the stipulation provides that the case be dismissed "with prejudice." The Court in that case never considered the merits of the case, including a pending summary judgment motion, prior to its dismissal pursuant to the stipulation. Therefore, the Court concludes that the dismissal of Plaintiff's 2000 civil case does not render this immediate claim precluded under the doctrine of res judicata.

Plaintiff's settlement agreement is a different story, however. If the Settlement is found to be valid, the majority of Plaintiff's claims related to the conduct of Defendant and its agents prior to the date of the Settlement are not actionable, as she waived her right to bring such claims by the terms of the Settlement. See Larken v. Wray, 189 F.3d 729, 732 (8th Cir. 1999).

"Trial courts have 'the inherent power to summarily enforce a settlement agreement as a matter of law *when the terms of the agreement are clear and unambiguous.*" Lewis v. Benjamin Moore & Co., 574 N.W.2d 887, 888 (S.D. 1998)

(citing Gatz v. Southwest Bank of Omaha, 836 F.2d 1089, 1095 (8th Cir. 1988)). A settlement agreement is contractual in nature and subject to the same rules of construction as contracts. Id. at 889. It is a question of law as to whether a settlement agreement is ambiguous. "Ambiguity exists in a settlement agreement when the language is reasonably capable of being understood in more than one sense." Id. "Parol or extrinsic evidence will not be admitted to vary the terms of a written instrument that is not found ambiguous." Id. (citations omitted). The Court must hold an evidentiary hearing only when there is a "substantial factual dispute concerning the existence or terms of the settlement agreement or when the situation presents complex factual issues." Id. at 888 (citing Gatz, 836 F.2d at 1095).

In this case, the Court finds that the Settlement is not ambiguous. Plaintiff clearly waives her right to bring any future lawsuits which are based upon the conduct of the Air Force and its employees regarding discrimination, sexual harassment, age, and reprisal, as well as "any and all claims relevant to the plaintiff's past and present employment with the United States Air Force." Docket 1-3 ¶¶ 1, 4. Plaintiff also agreed "that she will not return to work for the Air Force in her current position or any other position . . . [and] will not apply for employment with the Air Force in the future, and will never work for the Air Force again from this day forward[.]" Id. at ¶ 5a. The Court finds as a matter of law that these provisions are unambiguous and clear, and the Court does not believe that any substantial factual issues exist which must be resolved before it reaches this conclusion. See Gatz, 836 F.2d at 1095.

The obligations of the Air Force are equally clear to the Court. In agreeing that "it will not officially act, or fail to act, for the purpose of *adversely* affecting" Plaintiff's benefits or status under the OWCP, the Air Force merely agreed that they would not do anything which would harm Plaintiff's worker's compensation benefits. Id. at ¶ 3b (emphasis added). The Court finds that this provision is unambiguous, as this provision is not "reasonably capable of being understood in more than one sense." Lewis, 574 N.W.2d at 889. It is unreasonable for Plaintiff to conclude from this provision that the Air Force promised in the Settlement that her "FECA status and benefits would be forever protected." Docket 1, page 12. Additionally, as no substantial factual disputes exist concerning the terms of the settlement agreement, an evidentiary hearing is not necessary. See TCBY Systems, Inc. v. EBG Assoc., Inc., 2 F.3d 288, 291 (8th Cir. 1993) (finding no hearing was required to evaluate defendant's subjective understanding of the legal effect of a dismissal with prejudice).

As the Court concludes as a matter of law that the terms of the Settlement are clear and unambiguous, the Court chooses to enforce the agreement. Accordingly, it dismisses Plaintiff's claims which relate to the conduct of the Air Force and its employees prior to January 31, 1996, as barred by the Settlement signed by Plaintiff.

Further, the Court concludes that, based on the unambiguous terms of the Settlement, Defendant has not breached the terms of the Settlement. Plaintiff alleges that Defendant has failed to protect her FECA benefits and status, and that she has been damaged as a result. However, as the Court has found that the

Settlement requires no affirmative conduct from Defendant to protect Plaintiff's benefits, no breach can result from their failure to so act. Additionally, Plaintiff states no claim when she contends that staff of the U.S. Attorney's Office have informed her that her continued attempts to gain reemployment with the Air Force are prohibited by the Settlement, as their conduct in doing so is in accordance with the unambiguous terms of the Settlement. For all of these reasons, the Court dismisses with prejudice Plaintiff's claims with regard to the validity of the settlement and allegations of Defendant's breach of the settlement.

## II. Criminal Allegations

Plaintiff alleges that Defendant and its agents violated many criminal laws. Generally, in determining whether a criminal statute provides an implied private right of action, the courts examine four factors to evaluate whether Congress intended such a private right. Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 407 (8th Cir. 1999).

> (1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether Congress intended, explicitly or implicitly, to create such a remedy; (3) whether a private remedy is consistent with the underlying legislative scheme; and (4) whether a private right based on a federal statute would interfere with an area relegated to state law.

Id. at 407-08 (citing Cort v. Ash, 422 U.S. 66, 78 (1975)). After examining these factors, the Court concludes that none of the criminal statutes discussed by Plaintiff in her pleadings create a private cause of action.[1] For this reason,

---

[1] See Shahin v. Darling, 2009 WL 837659, *1 n.7 (D. Del. Mar. 31, 2009) (no cause of action under 18 U.S.C. § 246) (citations omitted); Parker v. Shemwell, 2009 WL 211708, *2 (W.D. La. Jan. 28, 2009) (no private right of action under 18 U.S.C. § 371); Stratton v. Massachusetts, 2008 WL 4427203 *6 n.4 (D. Mass, Sept. 26, 2008) (finding that private citizen "lacks authority to initiate a federal criminal prosecution" in claims under 18 U.S.C. §§ 1018, 1505, 2340); Stuckey

Defendant's motion to dismiss is granted with regard to Plaintiff's claims based on federal criminal law.

To the extent that Plaintiff's complaint, read with deference to her pro se status, maintains tort actions based on the alleged violations of criminal law, such actions are barred. Tort claims against the United States are governed by the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2671 *et seq.* The FTCA requires that a plaintiff "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency[.]" 18 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 113 (1993) (applying this requirement to a pro se plaintiff). "Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993).

Defendant states that any presumed claims under the FTCA must be dismissed as Plaintiff has failed to plead and prove that she presented the claims to the appropriate federal agencies. The Court agrees. Exhaustion of administrative remedies is a jurisdictional requirement, and without proof from Plaintiff of exhaustion, this Court is unable to review such tort claims under the FTCA. Accordingly, to the extent that Plaintiff's complaint could be construed as

---

v. Thompson, 2007 WL 1035134, *2 n.1 (S.D. Ga. Mar. 29, 2007) (no private cause of action under 18 U.S.C. § 2340); Vaughn v. City of North Branch, 2001 WL 1640135 (D. Minn. Oct. 30, 2001) (no private cause of action under 18 U.S.C. §§ 241, 242, 1957); Thompson v. Kramer, 1994 WL 725953 (E.D. Pa. Dec. 29, 1994) (no private right of action under 18 U.S.C. §§ 1957, 1501, 1505); Mousseaux v. U.S. Com'r of Indian Affairs, 806 F. Supp. 1433 (D.S.D. 1992) (no private right of action under 18 U.S.C. §§ 241, 1018).

bringing tort claims against the United States, such claims are dismissed without prejudice.[2]

### III.  RICO Allegations

In its motion to dismiss, Defendant argues that Plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) are barred by the doctrine of sovereign immunity.  Docket 20, page 3-4.  Generally, the federal government is immune from suit unless it expressly waives that protection.  Lane v. Pena, 518 U.S. 187, 192 (1996).  "RICO does not waive the sovereign immunity of the United States."  Donahue v. F.B.I., 204 F. Supp. 2d 169, 173-74 (D. Mass. 2002) (stating that "federal courts that have addressed the question [of RICO liability for the federal government] have been unanimous in rejecting the liability of federal agencies"); see also Hamrick v. Bush, 2007 WL 1540261 (E.D. Ark. May 24, 2007) (finding that the court lacks subject matter jurisdiction "as there has been no waiver of sovereign immunity" for RICO claims").  As Congress did not waive Defendant's sovereign immunity in passing RICO legislation, the Court grants Defendant's motion to dismiss Plaintiff's RICO claims under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

### IV.  Loss of Health Insurance

Plaintiff complains of the loss of her health insurance, citing 5 U.S.C.

---

[2] The Court notes that there is a two-year statute of limitations regarding tort claims against the United States, requiring presentment to a federal agency "within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

§ 8901 *et seq* and 18 U.S.C. § 1367. As discussed above, generally there is no private cause of action for violation of criminal laws, and the Court grants Defendant's motion to dismiss Plaintiff's claim brought under 18 U.S.C. § 1367. With regard to the loss of Plaintiff's health insurance, she alleges that her medical benefits were "retroactively terminated without any warning, notification, or offer of continued insurance." Docket 1, page 4; see also Docket 1, page 4. Defendant has failed to address this claim in its motion to dismiss or in any of its pleadings in this case. Regardless, the Court dismisses this claim *sua sponte* under Fed. R. Civ. P. 12(b)(1) for the reasons stated below.

Regarding benefits under the Federal Employees Health Benefits Act, an action to recover on a claim concerning the denial of health benefits "[m]ay not be brought prior to exhaustion of the administrative remedies provided in § 890.105." 5 C.F.R. § 890.107(d). Additionally, such a claim is to be brought against the Office of Personnel Management (OPM). Id. at § 890.107(c). A district court lacks subject matter jurisdiction over a claim against OPM where claimant fails to plead exhaustion of administrative remedies or to plead excuse from administrative exhaustion. Schmisky v. U.S. Office of Personnel Management, 587 F. Supp. 2d 1161, 1167 (S.D. Cal. 2008). In her extensive pleadings, Plaintiff fails to mention whether she exhausted administrative remedies through the OPM with regard to the termination of her health benefits. As Plaintiff has failed to plead exhaustion of administrative remedies regarding her health insurance claim, this Court lacks subject matter jurisdiction over this claim, and it dismisses the claim without prejudice.

## V. Plaintiff's FECA benefits

Plaintiff also seems to complain that her FECA benefits were improperly terminated. The Federal Employees' Compensation Act (FECA) creates a compensation system to provide for those federal employees who are injured or disabled on the job. 5 U.S.C. § 8102. Administration of the FECA has been delegated to the Office of Workers' Compensation Program (OWCP), which has "exclusive authority to administer, interpret and enforce the provisions of the Act." 20 C.F.R. § 10.1. Review of final decisions of the OWCP is discussed in 20 C.F.R. § 10.600, which provides three ways an employee can appeal a OWCP decision. Judicial review is not one of the avenues of appeal, as Congress has dictated that the OWCP's action "in allowing a denying a payment [under FECA] is . . . (2) not subject to review by any other official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128; see also Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 194 (1983). As this Court lacks jurisdiction to review the OWCP's apparent decision to terminate Plaintiff's FECA benefits, it grants Defendant's motion to dismiss these claims.

## VI. Review of the MSPB decision

It appears that once Plaintiff's FECA benefits were terminated, she sought relief from the Merit Systems Protection Board (MSPB) to attain recognition of her reemployment and restoration rights. Docket 1, page 15. The MSPB denied her requests. Defendant argues that this immediate action is in part an appeal of the MSPB's decision, which is not permitted under 5 U.S.C. § 7703. In reply, Plaintiff states that she is not appealing the decision of the MSPB. Docket 16, page 6.

5 U.S.C. § 7703 states: "Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1); see also Richards v. Kiernan, 461 F.3d 880 (7th Cir. 2006). Section (b)(2) discusses claims brought under discrimination statutes, including the Civil Rights Act of 1964, and none of Plaintiff's claims falls within (b)(2). Insofar as Plaintiff's complaint may contain a claim seeking review of the MSPB's refusal to enforce her reemployment and restoration rights, this Court is without jurisdiction to conduct such a review, and it grants Defendant's motion to dismiss such claims.

Therefore, it is hereby

ORDERED that the Defendant's motion to dismiss, Docket 14, is GRANTED in accordance with this order.

IT IS FURTHER ORDERED that Plaintiff's motion to process complaint in accordance with 18 U.S.C. § 3771, Docket 18, is DENIED AS MOOT.

Dated May 13, 2009.

                BY THE COURT:

                */s/ Andrew W. Bogue*
                ANDREW W. BOGUE
                SENIOR DISTRICT JUDGE