UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| KAY L. ROGERSON, | * | CIV 08-5060 |
| --- | --- | --- |
| Plaintiff, | * | |
| vs. | * | ORDER DENYING PLAINTIFF'S |
| | * | MOTION FOR RELIEF FROM |
| UNITED STATES OF AMERICA, | * | ORDER |
| Defendant. | * | |

## I. PROCEDURAL AND FACTUAL BACKGROUND

On July 23, 2008, Plaintiff Kay L. Rogerson ("Rogerson") started this action against the United States of America ("the government") alleging "extensive acts of fraud, conspiracy, Civil Rights violations, labor law violations, mental torture, a threat to her life, insurance fraud, contract fraud, and various other felonious and civil law violations," (Doc. 1), all related to a Stipulation for Compromise Settlement ("settlement agreement") dated January 31, 1996, between Rogerson and the United States Air Force ("USAF"). The settlement agreement reached between Rogerson and USAF resulted in dismissal of Rogerson's Title VII complaint filed in 1992 against USAF in exchange for a payment of $360,000.00 to Rogerson. (Doc. 1, Tab 2). Rogerson's July 23, 2008 complaint, in addition to alleging the violation of several rights and federal laws, included an allegation that the settlement agreement was unenforceable.

The government moved for dismissal of Rogerson's Complaint based on a failure to state a claim for which relief can be granted. (Doc. 14). United States Senior District Judge Andrew Bogue granted the government's motion on May 13, 2009. (Doc. 22).

Rogerson appealed to the United States Court of Appeals for the Eighth Circuit. (Doc. 30). Rogerson's appellate brief argued that the order dismissing her complaint was reversible error for the following reasons:

1. She signed the settlement agreement due to coercion from her attorneys (Doc. 38, p. 7);

2. The settlement agreement was invalid on the basis that it covered up criminal activity and dismissed criminal activity not before the court (Doc. 38, p. 7, 10);

3. The USAF breached the settlement agreement (Doc. 38, p. 22);

4. The court did not have authority to enforce the settlement agreement (Doc. 38, p. 23);

5. The order was void because it was signed electronically and because Judge Bogue passed away shortly after issuing the order (Doc. 38, p. 11);

6. She was entitled to default judgment because the United States Attorney's Office failed to timely answer the Complaint, on the basis that the motion to dismiss her complaint contained a clerical error (Doc. 38, p. 25); and

7. The court and United States Attorney's Office have engaged in misconduct.

The notice of appeal was filed on June 15, 2009. The United States Court of Appeals for the Eighth Circuit granted the government's motion to dismiss on August 31, 2009.

Rogerson filed a petition for panel rehearing on September 18, 2009, making the same arguments contained in her notice of appeal. (Doc. 42). In the petition, Rogerson argued that both the court and the United States Attorney's Office are "prejudiced, biased, not telling the truth, and are continuing to cover up the wrongdoing of themselves and the federal government" and that the court, United States Attorney's Office, and the USAF attorneys have committed fraud, obstructed justice, and made false representations "under color of law." The United

States Court of Appeals for the Eighth Circuit denied the petition on October 2, 2009. (Doc. 43).

On December 15, 2009, Rogerson filed a petition for writ of certiorari to the Supreme Court of the United States to present four questions for review.

1. Whether the agreement becomes a federal crime in itself when it does not conform to the Civil Rights laws and includes subject matter that was not within the jurisdiction of the Court, or whether it becomes (or is) simply "void," or both?

2. Whether the validity of said agreement, can be deemed "valid" at the US District Court level by the same Court that drafted and signed it, and then be dismissed for jurisdictional reasons at the US Court of Appeals for the same District without telling a *pro se* plaintiff, who was a previous federal employee, who has jurisdiction?

3. Whether the agreement violates the establishment of a person's right to life, liberty, and the pursuit of happiness, and due process of law clause of the Fifth Amendment to the U.S. Constitution; and whether Petitioner must remain accused of a felony crime by the U.S.A.F. without a trial by an impartial jury in accordance with the Sixth Amendment to the Constitution?

4. Whether a "local rule" allowing "papers to be filed, signed or verified by electronic means" is a lawful process to dismiss the validity of this agreement when the judge in the case is incapacitated and does not (or cannot) personally sign any certificate verifying this dismissal in accordance with 8th Circuit Rule 25A?

3

Rogerson's petition for writ of certiorari also repeated her earlier arguments that the order dismissing her complaint was void and fraudulent in light of Judge Bogue's practice of using an electronic signature to sign orders and his later death. Rogerson again argued that, because the court had approved the settlement agreement, it was necessarily biased, and that she was entitled to default judgment on the basis that the government failed to file an answer, and even if it did, the answer contained a clerical error. The Supreme Court of the United States denied Rogerson's petition for writ of certiorari on January 25, 2010.

Rogerson then filed a motion for relief from order, (Doc. 47), asking this Court to reopen the portions of her case surrounding the settlement agreement. Rogerson later filed an amended motion for relief from order, (Doc. 65), as well as a reply brief in response to the government's opposition to her motions, (Doc. 67). Rogerson then filed a document entitled "Plaintiff's Motion to Withdraw all Rules under 60(b) and 60(d) except Rule 60(b)(4) and 60(d)(3), from Motion for Relief From Order." (Doc. 75). This document states that Plaintiff wishes to base her motion for relief from order "strictly" on Rules "60(b)(4) (the judgment is void) and 60(d)(3) (fraud on the Court)." (Doc. 75). In Rogerson's earlier motions and briefs, she specifically argued that Judge Bogue's order dismissing Rogerson's complaint should be considered void because he electronically signed the order and lacked subject matter jurisdiction. She also argued that she entered into the settlement agreement involuntarily, and that the United States Attorney's Office committed fraud by providing her with a motion to dismiss containing the wrong case number on the pleading. Based upon the analysis below, this Court denies Rogerson's motion for relief from order.

## II. DISCUSSION

## A. Rule 60(b)

Rogerson's motion asking this Court to reconsider its prior rulings is made under Federal Rule of Civil Procedure 60(b)(1), (2), (3), (4), and (6).[1] Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1),(2),(3),(4), and (6).

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008) (internal quotation marks and citation omitted). The relief authorized by Rule 60(b) must be based on certain enumerated circumstances, as provided in the statute. Rule 60(b) "is not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Thus, when the movant raises only issues of law previously rejected by the court,

---

[1] Rogerson filed a motion "withdrawing all Rules under 60(b) and 60(d) from her Motion, except for 60(b)(4) (the judgment is void) and 60(d)(3) (fraud on the Court), . . ." The Court chooses, however, to address each of the subparts under which Rogerson made her original motion for relief from order.

5

reargues the merits of the claim, and fails to present reasons not previously considered by the court, the motion for relief is properly denied. Id. This is particularly true when the request is to modify a ruling after a party has been unsuccessful in appealing that ruling to the Eighth Circuit.

Here, Rogerson presents the same issues and arguments based on the same allegations as she made previously to the district court, as well as in her appeal to the Eight Circuit, her petition for panel rehearing, and her petition to the Supreme Court of the United States. She has not brought to this Court's attention any new reason for relief. As discussed above, a motion for relief from an order is not properly granted when the movant merely reargues, albeit more fully, the merits of her claim.

Even assuming that Rogerson presents issues of law not previously rejected by the district court, the Eighth Circuit, the panel for rehearing, and the Supreme Court of the United States, her motion for relief from order would fail nonetheless. Rule 60(b) provides that a court may relieve a party from a "final judgment, order, or proceeding," because of certain enumerated circumstances contained within the subparts of the Rule. Rogerson argues that she is entitled to relief pursuant to subparts (1), (2), (3), (4), and (6). This Court will address each of these in turn.

Under Rule 60(b)(1), a district court may grant relief from final judgments because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although Rogerson argues in the closing paragraph of her Brief in Support of Motion for Relief From Order that her case should be "reopened in accordance with Fed. Rules of Civ. Procedure, Rule 60(b)(1), . . ." she does not put forward a specific argument as to the issues which establish

mistake, inadvertence, surprise, or excusable neglect. The Court is mindful that Rogerson has filed her documents pro se, and that "[p]ro se motions are . . . to be construed liberally." Baldwin v. Credit Based Asset Servicing & Securitization, 516 F.3d 734, 738 (8th Cir. 2008). The Court has considered the arguments put forward by Rogerson in her briefs. Even construing her arguments liberally, this Court finds that there was no "mistake, inadvertence, surprise, or excusable neglect" justifying relief from the order under Rule 60(b)(1).

A motion for relief from order may be granted by a district court for newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59(b). Fed. R. Civ. P. 60(b)(2). Under Rule 59(b), a motion for a new trial must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). As a moving party seeking relief from an order based on newly discovered evidence, Rogerson must show the following: 1) the evidence was only discovered after the order dismissing her complaint; 2) she exercised due diligence to discover evidence; 3) the evidence is material and not merely cumulative or impeaching; and 4) consideration of the new evidence would likely produce a different result. Minn. Supply Co. v. Raymond Corp., 472 F.3d 524, 534 (8th Cir. 2006). Here, Rogerson has presented no newly discovered evidence. The evidence presented by Rogerson is limited to a letter from her attorney, Mark Falk. This letter is evidence discovered prior to Judge Bogue's May 13, 2009 order, thereby failing the first prong. The letter does not support her argument that the settlement agreement is invalid or was entered into involuntarily, thereby failing the fourth prong. Because her assertion does not meet the test specific to newly discovered evidence, Rogerson is not entitled to relief under Rule 60(b)(2).

Under Rule 60(b)(3), a party may be entitled to relief from a final order for fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). In order to show that relief is justified, the moving party "must establish that the adverse party engaged in fraud or other misconduct and that this conduct prevented the moving party from fully and fairly presenting its case." Cook v. City of Bella Villa, 582 F.3d 840, 855 (8th Cir. 2009) (quoting E.F. Hutton & Co. v. Berns, 757 F.2d 215, 216-17 (8th Cir. 1985). The burden of proof is one of "clear and convincing evidence." City of Bella Villa, 582 F.3d at 855.

In her motion for relief from order, Rogerson argues that the United States Attorney's Office made "fraudulent misrepresentations" to the Court by stating that the Court had subject matter jurisdiction to approve a settlement agreement that dismisses certain criminal acts. This conduct, Rogerson argues, constitutes "extrinsic fraud." Rogerson also argues that the United States Attorney's Office used false documents in their briefs and made false claims that Judge Bogue was capable of performing his judicial responsibilities, all constituting "intrinsic fraud." Rogerson further argues that the United States Attorney's Office committed fraud by serving a Motion to Dismiss containing the wrong case number.[2] Rogerson also contends that the United States Attorney's Office engaged in misconduct throughout the proceedings by threatening her and failing to provide the Court with accurate and full information.

Rogerson, as the moving party, has the burden of proof to show by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or misconduct in such a

---

[2] The United States Attorney's Office explained to Judge Bogue that the clerical err was noticed prior to filing the Motion to Dismiss. The Motion to Dismiss which was electronically filed contained the correct civil number. However, the copy sent to Rogerson contained the incorrect civil number, although the substance of the Motion to Dismiss and its brief are identical to that which was electronically filed.

8

way that she was prevented from fully and fairly presenting her case. She has not done so. In Murphy v. Mo. Dep't of Corr., 506 F.3d 1111 (8th Cir. 2007), the Eighth Circuit found that the existence of new evidence which contradicts the affidavit submitted by the opposing party at trial does not alone constitute clear evidence of fraudulent conduct. Id. at 1117. Rogerson presents much less evidence than the moving party in Murphy. Rogerson's assertions are mere accusations unsupported by evidence. A clerical mistake of having the wrong case number on a pleading is hardly a fraud. On review of the record, the Court does not believe that the United States Attorney's Office engaged in fraudulent behavior, and therefore, does not grant relief from Judge Bogue's order based on Rule 60(b)(3).

Rule 60(b)(4) provides that a court may relieve a party from a final judgment if it is void. "A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process." Baldwin v. Credit Based Asset Servicing & Securitization, 516 F.3d 734, 737 (8th Cir. 2008) (quoting Kessler v. Crichton, 221 F.3d 1342, 1342 (8th Cir. 2000). Although, in general, relief from a final judgment or order pursuant to Rule 60(b) is an extraordinary remedy left to the discretion of the district court, relief from a judgment that is void under 60(b)(4) is not discretionary. United States v. $353,630.00, 463 F.3d 812, 813 (8th Cir. 2006).

Rogerson argues that Judge Bogue's order dismissing her complaint was void for two principal reasons. First, Rogerson argues that the district court in which she filed her Complaint lacked subject matter jurisdiction to determine the enforceability of the settlement agreement which she contended in her Complaint was invalid. Second, she argues that Judge Bogue's

order contained his electronic signature rather than his handwritten signature, making the order necessarily void.

As stated above, a judgment or order is void if the court lacked jurisdiction or acted in a manner inconsistent with due process. Relief from a judgment that is void under Rule 60(b)(4) due to lack of subject matter jurisdiction is not discretionary. Rogerson makes the convoluted argument that the district court in which she filed her Complaint, asking the court to review the settlement agreement and ultimately find it invalid, actually lacked subject matter jurisdiction to determine the enforceability of the same settlement agreement. Despite the irony in Rogerson's argument, this Court will analyze whether the district court had subject matter jurisdiction to enforce the settlement agreement.

The defendant that Rogerson named in her Complaint is the Unites States of America, and the Complaint concerned a settlement agreement that settled a prior case over which the United States District Court for the District of South Dakota had jurisdiction. This Court properly has jurisdiction. A district court has the power to summarily enforce a settlement agreement as a matter of law when the agreement resolves a case subject to the jurisdiction of the court and when the terms of the agreement are clear and unambiguous. See Barry v. Barry, 172 F.3d 1011, 1013 (8th Cir. 1999); Gatz v. Southwest Bank of Omaha, 836 F.2d 1089, 1095 (8th Cir. 1988). Only when there is a substantial factual dispute concerning the existence or terms of the settlement agreement is the district court required to hold an evidentiary hearing. TCBY Systems, Inc. v. EGB Associates, Inc., 2 F.3d 288, 291 (8th Cir. 1993) (citing Gatz, 836 F.2d at 1095). Here, the terms of the settlement agreement are clear and unambiguous. Although Rogerson after receiving the $360,000.00 settlement payment may assert now that she

did not intend for the settlement agreement to conclude her disputes with USAF, her purported intent or misunderstanding does not void the agreement, Gatz, 836 F.2d at 1095, and Judge Bogue had the authority to summarily enforce the settlement agreement.

Rogerson also argues that Judge Bogue's order is void because it is executed with an electronic signature. However, an electronic signature is sufficient for all electronically filed documents. Electronically signed documents are specifically allowed by Rule 5(d)(3) of the Federal Rules of Civil Procedure which provides:

> Rule 5. Servicing and Filing Pleadings and Other Papers
> (d) Filing.
> (3) Electronic Filing, Signing, or Verification. A court may, by local rule, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States. A local rule may require electronic filing only if reasonable exceptions are allowed. A paper filed electronically in compliance with a local rule is a written paper for purposes of these rules.

Fed. R. Civ. P. 5(d)(3).

According to Local Rule 5.1 for the District of South Dakota, "documents may be filed, signed, and verified by electronic means to the extent and in the manner authorized by the Case Management/Electronic Case Filing (CM/ECF) Administrative Procedures established by the Court." D.S.D. Civ. LR 5.1.

The federal and local rules both provide that documents may be signed electronically. Therefore, the electronic signature of Judge Bogue on the order dismissing Rogerson's complaint does not render the order void. The Court notes that Rogerson points to the

electronic signature as proof that someone other than Judge Bogue wrote the order dismissing her complaint. However, Rogerson does not provide any evidence that would lead this Court to credit her accusations. Therefore, her unsubstantiated argument does not warrant relief under Rule 60(b)(4).

Rule 60(b)(6) provides for relief from a judgment for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). Rogerson alleges that relief is available to her under Rule 60(b)(6) because the court was biased, prejudiced, and mentally and physically incapable of performing its judicial responsibilities. "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Murphy v. Mo. Dep't of Corr., 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005)). As discussed above, Rogerson's allegations that Judge Bogue was incapacitated[3] and no longer working on his cases is unsubstantiated. Her argument that the court was biased or prejudiced by the United States Attorney's office is also without basis. She does not show any evidence of "exceptional circumstances" that would have prevented her from receiving adequate redress. In Murphy v. Mo. Dep't of Corr., 506 F.3d at 1117, the Eighth Circuit found that even when new evidence in the record now contradicts the defendant's previously made affidavit, no exceptional circumstances exist to make the extraordinary relief of Rule 60(b) appropriate. Rogerson's unsupported allegations of bias, prejudice, and incapacity of the court

---

[3] Judge Bogue passed away 27 days after filing the order dismissing her complaint. According to Rogerson, this shows that he was incapacitated and could not have entered this order on his own. In addition to being wrong in her assertion about Judge Bogue, Rogerson presents no evidence to suggest that Judge Bogue was improperly influenced or incapacitated.

are even weaker examples of exceptional circumstances which would deny her a full and fair opportunity to litigate her claim. Being without support, this Court finds that her allegations do not rise to the level of exceptional circumstances and will not reconsider the order of Judge Bogue.

Rogerson alleges that several criminal statutes were violated in the course of her proceedings. However, the criminal statutes do not create a private cause of action, and thus do not constitute "any other reason" justifying relief from the order.

## B. Fraud on the Court

In addition to requesting reconsideration under Rule 60(b), Rogerson asks this Court to grant her such relief based on "fraud on the court." She makes this motion under Rule 60(d)(3), in what is known as the Rule 60(b) savings clause, which provides that Rule 60 does not limit a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Rogerson argues that the United States Attorney's Office has committed fraud on the court by "improperly influencing the decisions" of two district court judges. Rogerson insists that the United States Attorney's Office improperly influenced the court by drafting and signing the settlement agreement. Rogerson further argues that the United States Attorney's Office failed to provide the Court "with the accurate and truthful information to form an unbiased decision," including that one of the assistant United States Attorneys was named as a conspirator to fraud in her Complaint, and therefore committed fraud on the court. (Doc. 66).

Again, Rogerson does not provide this Court with evidence to support her accusations. Her suggestion that the United States Attorney's Office's allegedly improper influence on the Court constituted fraud is without merit. First, "claims that a party did not disclose to a court

certain facts allegedly pertinent to the matter before it do not normally constitute fraud on the court." Tyler v. Purkett, 413 F.3d 696, 701 n.7 (8th Cir. 2005). Fraud on the court which justifies relief from an order is narrowly defined as "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." United States v. Smiley, 553 F.3d 1137, 1144 (8th Cir. 2009). Second, the "fraud on the court" standard is higher than the standard for fraud under Rule 60(b)(3). Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998). "A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel . . . ." Id. (quoting Landscape Properties, Inc. v. Vogel, 46 F.3d 1416, 1422 (8th Cir.), cert denied, 516 U.S. 823 (1995). This conduct must be supported by "clear, unequivocal and convincing evidence." Landscape Properties, Inc., 46 F.3d at 1422.

In Greiner, the movants asked for relief from judgment because of alleged "fraud on the court," arguing that the opposing party withheld a psychological report relevant to the qualified immunity issue on which they lost their case. Greiner, 152 F.3d at 788. The district court found that the allegedly withheld report was not relevant to the theories on which the case was decided and therefore did not warrant a finding of "fraud on the court." Id. at 789. The Eighth Circuit affirmed, finding that the conduct is not "the most egregious misconduct directed at the court itself," and therefore, the movant clearly did not meet the higher standard for "fraud on the court." Id. Similarly, the Eighth Circuit in Landscape Properties, Inc. found that when counsel has not made affirmative misrepresentations to the court or fabricated evidence, the movant has not met the standard for proving "fraud on the court." Landscape Properties, Inc., 46 F.3d at

1422. The court described "fraud on the court" as being "a scheme to interfere with the judicial machinery performing the task of impartial adjudication." Id. Such a scheme or conduct is not present here.

Rogerson has failed to show by clear, unequivocal and convincing evidence that the United States Attorney's Office have improperly influenced or impaired the court's function. The signing and drafting of the settlement agreement does not amount to improper influence. Furthermore, the United States Attorney's Office did not make an affirmative misrepresentation to the court by failing to inform the Court that one of the assistant United States Attorneys was a named conspirator to fraud in her Complaint. This is not a fabrication of evidence nor "egregious misconduct" amounting to fraud on the court. The information was not relevant to the court's order dismissing her Complaint.

Rogerson's broad and unsubstantiated allegations do not support relief pursuant to Rule 60(b)(3). Her claims are also insufficient to find "fraud on the court."

Therefore, it is

ORDERED that Plaintiff's Motion for Relief From Order (Doc. 47) is denied. It is further

ORDERED that Plaintiff's Motion to Withdraw All Rules (Doc. 75) is denied as moot. It is further

ORDERED that Plaintiff's Motion to Withdraw Statement in Reference to the Clairvoyance of Danetta Wollman (Doc. 76) is granted. It is finally

ORDERED that Defendant's Motion for Rule 11 Sanctions Seeking Injunctive Relief, filed on May 5, 2010, will be decided once fully briefed.

Dated May 21, 2010.

BY THE COURT:

*Roberto A. Lange* (signature)
_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE